{¶ 39} I respectfully dissent from the majority.
 {¶ 40} In the present case, Portage County Department of Job and Family Services ("PCDJFS") filed a complaint on March 27, 2006, alleging that minor children, *Page 10 
Trent Wiley and his brother Ronald, were dependent/neglected children pursuant to R.C. 2151.03(A) and 2151.04. At a hearing on March 28, 2006, the parties stipulated that there were reasonable grounds for PCDJFS taking the children into custody. The magistrate placed Trent with his father and returned Ronald to his mother, Appellant Jaimie R. Wiley, with a protective supervision order. Following an adjudicatory hearing, the trial court dismissed the neglect allegations and the parties, including appellant, stipulated to a finding of dependency as to both Trent and Ronald. The trial court continued the protective supervision order but returned placement of Trent to his mother, appellant, on May 5, 2007.
 {¶ 41} The legal status of the children was resolved at a hearing on May 25, 2006, wherein the trial court issued an order of disposition. As a result of that hearing, the trial court stated the following: "IT IS THEREFORE DECIDED, pending further order of the Court, and pursuant to O.R.C. 2151.353, that: LEGAL CUSTODY of Ronald and Trent Wiley be granted to Jaimie Wiley [appellant] subject to the PROTECTIVE SUPERVISION of the Portage County Department of Job Family Services." The trial court also adopted the case plan and set the matter for further review on September 12, 2006.
 {¶ 42} In rendering its decision, the majority relies on R.C.2151.42(B), which discusses the modification or termination of an order of disposition issued under section R.C. 2151.353(A)(3), R.C.2151.415(A)(3), or R.C. 2151.417. However, there is no such order of disposition involved in the instant case. As stated in section R.C.2151.42(B), the order of disposition in the above enumerated sections "is intended to be permanent in nature." *Page 11 
 {¶ 43} Although the standard form the trial court utilizes for dispositional hearings does not indicate the specific code section of R.C. 2151.353 under which the order was issued, the order was for protective supervision with periodic review. Clearly, this order of disposition was not intended to be permanent in nature. Protective supervision, authorized only under R.C. 2151.353(A)(1), would seldom, if ever, be intended as a permanent remedy. Therefore, R.C. 2151.42(B) is not applicable in this case.
 {¶ 44} As a result of the review hearing on September 12, 2006, a revised case plan was filed. In this revised case plan, dated September 6, 2006, it was recommended, in the section titled "Permanency Planning," that custody of Trent would be with his father. In this same case plan, under section "Placement/Legal Status Changes," it notes that "placement" is in the boy's home, while "legal status" is protective supervision. This plan was adopted by the trial court on September 18, 2006.
 {¶ 45} Thereafter, on September 26, 2006, appellant, through counsel, filed a motion for legal custody. In the motion, appellant states, "due to a change in circumstances that brought the children to PCDJ FS' custody, it is in the best interest of the children for [appellant] to have legal custody."
 {¶ 46} The trial court spent a great deal of time reviewing the recommendation concerning the award of custody to the father. In fact, the trial court also recognized the issue of whether a change of circumstances was required. In the transcript of the hearing on the objections, the court correctly pointed out that no change of circumstances was required in this type of case where job and family services was involved. *Page 12 
 {¶ 47} As such, I do not agree with the majority's position that the trial court granted a "dispositional order granting Jaimie [appellant] legal custody of Trent." The only order the trial court issued, once a finding was stipulated to that Trent was a dependent child, was an order placing Trent with his mother, subject to protective custody with periodic reviews. This, by its very nature, was not intended to be permanent. Therefore, the trial court, in determining whether to return Trent to his mother, had only to consider whether it was in the best interest of the child, as required by R.C. 2151.42(A). I would affirm the order of the trial court. *Page 1